UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 19-14823-B-13
)
**GLENN W. BEVER**, )
)
        Debtor. )
)

**ORDER ON DEBTOR'S MOTION FOR RECONSIDERATION**

    On December 26, 2019 the debtor, Glen Bever, who is proceeding without counsel, filed a motion asking the court to reconsider its order dated December 17, 2019 (Doc. # 20) denying his second request to extend the deadline to file his bankruptcy schedules.

    The debtor requested an extension of the deadline before. He claimed he was looking for a lawyer to help prepare the schedules. The court granted that extension (Doc. # 11) giving the debtor through December 17, 2019 to file his bankruptcy schedules. He did not file the schedules. Instead he requested a second extension on December 16, 2019 (Doc. #16). In this second request, the debtor claimed he was evicted from his residence and separated from "his papers." So, he contends, he could not prepare the schedules. He also claimed he was looking for a lawyer. The court denied that request on December 17, 2019. (Doc. # 20).

    The case was dismissed December 20, 2019.

1

Now, in this motion, the debtor claims the order denying the second extension request should be reconsidered because he presented "new facts" in his second request—eviction from his residence. Also, he claims the order denying the request was confusing because a portion of the order form (which was not checked and therefore inoperable) said he had through December 31, 2019 to file schedules.[1]

Altering or amending a judgment or order is only appropriate if the court (1) is presented with newly discovered evidence that was not available at the time of the initial hearing; (2) committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. In re Fadel, 492 BR 1, 18 (B.A.P. 9th Cir. 2013) (cits. omitted). None of these reasons apply.

First, the evidence is that a judgment for possession of debtor's residence was entered against the debtor on October 15, 2019 and the Superior Court of California issued the writ of possession on October 21, 2019 (Doc.#29). These dates are a month or more before the petition was filed in this case, November 19, 2019 (Doc. # 1). No automatic stay ever arose. See 11 U.S.C. § 362(b)(22). So, no "new facts" were presented to the court when the second request for extension was made by the debtor. The eviction was proceeding as authorized by law.

Second, there is no reasonable basis for confusion based on the order denying the second extension. The box on the form that would have authorized the second extension was not checked and so, not relevant. Also, the debtor was aware of the

---

[1] The debtor has separately requested an emergency injunction preventing the conclusion of the eviction which has been denied by separate order.

December 17 deadline.  The order granting his first extension request, the debtor's own pleadings requesting the second request, and this motion establish the debtor's awareness of the deadline.

Third, the debtor never explained in the second request why his quest for legal assistance was unsuccessful.  His pending eviction and lockout began a month before this petition was filed.  No reasons or explanation for lack of counsel was ever given.  The debtor's separation from "his papers" occurred two months after the execution of the possession judgment began.

In sum, there is no "highly unusual circumstance" justifying the relief the debtor requests.  See, <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F. 3d 877, 890 (9th Cir. 2000).

For the reasons set forth above,

IT IS HEREBY ORDERED that the Debtor's Motion for Reconsideration is DENIED.

Dated: Dec 31, 2019

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

　　　The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U.S. mail.

Glenn W. Bever
466 W Tenaya Ave
Clovis CA 93612

Edward T. Weber
17151 Newhope Street, Suite 203
Fountain Valley CA 92708

Michael H. Meyer
PO Box 28950
Fresno CA 93729-8950

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721